### REYNOLDS et al. v. HARLEM CONST. CO.

(Supreme Court, Appellate Term. March 23, 1911.)

1. EXECUTION (§ 420½,* New, vol. 10, Key No. Series)—WAGES OF EMPLOYÉ—STATUTORY CONDITIONS.

   To authorize execution, under Code Civ. Proc. § 1391, against an em-ployer on a judgment against an employé, it is necessary to show that a judgment against the employé was recovered and that execution there-on was returned wholly or in part unsatisfied.

2. PLEADING (§ 376*)—ISSUES—MATTERS TO BE PROVED—ADMISSIONS.

   On a complaint, in an action under Code Civ. Proc. § 1391, for failing to pay part of the wages of an employé after execution against the wages had been served on the employer, which alleges that execution against the wages was "duly" issued and that the sheriff "duly" presented the execution to the employer, who failed to make the payment, evidence of the rendition of the judgment and of issuance and service of the execu-tion was unnecessary, where defendant, by his answer, admitted that the execution was "duly" issued and "duly" presented to defendant.

   [Ed. Note.—For other, cases, see Pleading, Cent. Dig. §§ 1225–1227; Dec. Dig. § 376.*]

3. WORDS AND PHRASES—"DULY."

   The word "duly" means "according to law," that is, according to the statute governing the subject, and implies the existence of every fact es-sential to perfect regularity of procedure.

   [Ed. Note.—For other definitions, see Words and Phrases, vol. 3, pp. 2259, 2260.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Florence B. Reynolds and another against the Harlem Construction Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before SEABURY, PAGE, and BIJUR, JJ.

Thomas P. Ford, for appellant.
Reuben Cohen, for respondents.

SEABURY, J. This action is brought against the defendant corporation upon the ground that the defendant failed to pay 10 per cent. of the wages of one of its employés after an execution against the salary of such employé had been served upon it. The action is brought under section 1391 of the Code of Civil Procedure. The plaintiff alleged and proved that one Grow was an employé of the de-fendant, and that:

"Pursuant to an order duly made and entered by a justice of the Supreme Court, New York county, on the 12th day of March, 1910, an execution

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

* * * was duly issued out of the Supreme Court, New York county, in favor of the plaintiffs, * * * and * * * on the 21st day of March, 1910, said sheriff duly presented said execution to the Harlem Construction Company, the defendant herein:"

The plaintiff also proved that the defendant failed to pay the prescribed percentage of the wages of its employé to the officer presenting said execution to it. No proof was offered to show that a judgment had been recovered against the defendant's employé, or that an execution upon said judgment had been returned wholly or partly unsatisfied. The appellant contends that, in the absence of such proof, the plaintiff failed to establish a cause of action under the statute referred to above.

[1] It was necessary, before such an execution as is contemplated by the statute could be "presented" to the defendant, that judgment against the employé should have been recovered, and that execution thereon should have issued and been returned wholly or partly unsatisfied. That these steps are essential prerequisites to the making of an order providing that execution shall issue against the wages or salary, etc., of the judgment debtor, is evident from the provision of section 1391 of the Code of Civil Procedure. [2] The answer of the defendant admits the fact that, pursuant to an order duly made and entered, the execution against the wages of said Grow was "duly" issued out of the Supreme Court, and that the sheriff "duly" presented said execution to the defendant. [3] The word "duly" has frequently been defined as meaning according to law—"that is, according to the statute governing the subject—and implies the existence of every fact essential to perfect regularity of procedure." Brownell v. Town of Greenwich, 114 N. Y. 518, 527, 22 N. E. 24, 26, 4 L. R. A. 685.

Interpreting the word "duly" in the sense in which it has been judicially defined, we think that the complaint stated a cause of action against the defendant, and that the admissions by the defendant that the execution was "duly" issued and "duly" presented left it without any defense to this action, and that the learned court below properly granted judgment in favor of the plaintiff.

Judgment affirmed, with costs. All concur.